IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:25-MJ-452-BJ |
| CAMERON ARNOLD, et al | |

MOTION FOR A PROTECTIVE ORDER

The United States of America ("Government") respectfully moves for the entry of a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1) regarding the disclosure and dissemination of the documents and information already produced as well as documents and information to be produced by the Government to the defendants or by the defendants to the Government as part of the parties' discovery obligations in this case ("protected information"). A proposed protective order is attached to this motion as Exhibit 1 (the "protective order"). A protective order is necessary to protect the discovery process and to permit the Government to fulfill its discovery obligations under Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, while giving due regard to confidential information and information that could be detrimental to the safety of others as well as to ongoing criminal investigations.

Introduction

1. The Government seeks an order limiting disclosure of the discovery material in order to (1) protect confidential and sensitive information contained in the discovery material; (2) ensure that the discovery process is used for its intended purpose, i.e., trial preparation and litigation of issues; and (3) avoid prejudice to all parties and any defendant's right to a fair trial that may result from public disclosure of information and documents obtained through the grand jury process and not yet ruled admissible. The protective order proposed by the Government limits the use of discovery material, produced by the Government to the defendants and by the defendants to the Government, to legitimate litigation purposes, as more fully set forth in paragraph 6 of this motion.

Limits on Disclosure

2. The proposed protective order is also designed to confine the use of information produced by the Government to the defendants or by the defendants to the Government to legitimate litigation purposes as more fully set forth in paragraph 6. A trial court "can and should, where appropriate, place a [party] under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

3. Traditionally, courts have found that "discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986); *see also Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 396 (1979) (Burger, C.J., concurring) ("[I]t has never occurred to anyone, so far as I am

aware, that a pretrial deposition or pretrial interrogatories were other than wholly private to the litigants."); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."); *United States v. Smith*, 776 F.2d 1104, 1111 (3rd Cir. 1985) (because Rule 16 materials must be furnished by the Government to the defendant, no presumption in favor of public access applies to those materials); *In re Gannett News Serv., Inc.*, 772 F.2d 113, 116 (5th Cir. 1985) ("[T]emporary denial of access [to evidence not yet ruled admissible] ... constitutes no form of prior restraint."); *United States v. Carriles*, 654 F. Supp.2d 557 (W.D. Tex. 2009) (restrictions on defendant's dissemination of discovery materials to press does not violate the First Amendment). As long as the underlying discovery material is not filed with the court, courts rarely find that either the First Amendment or the common law right of access to judicial proceedings are implicated. *See, e.g., Carriles*, 654 F. Supp. 2d at 572-73.

4. The Government's proposed protective order meets the Court's obligation to ensure that the order's restrictions are narrowly tailored to the interest involved. *See*, *e.g.*, *id.* at 570 (restrictions on defendant's dissemination of discovery materials to press does not violate the First Amendment). The proposed order employs the least restrictive means to achieve its ends—it is not a gag order—and no restrictions are placed upon information that defense counsel gather on their own without the use of court processes. *Id.* at 568, 573.

5. Lastly, the Government acknowledges its continuing duty, pursuant to Federal Rule of Criminal Procedure 16(c), to disclose evidence that is discoverable and further acknowledges the possibility that additional information may be obtained prior to or during trial that is discoverable pursuant to Rule 16 and relevant to this case. In such event, the Government requests that such material also fall under the protective order sought in this case.

6. Based upon the foregoing information, good cause exists for the Court to issue an order providing that:

a. Access to protected information shall be limited to (i) the defendants, (ii) the parties' attorneys, (iii) employees or agents of those attorneys, (iv) a photocopying or data processing service to whom it is necessary that counsel show the materials for the purposes of the preparation, trial, appeal (if any), and collateral attack (if any) of this matter who consent to the jurisdiction and the protective order, (v) litigation consultants such as jury selection experts (if any), (vi) mock jurors (if any), and (vii) experts or investigators to whom it is necessary that counsel show the materials for the purposes of the investigation, preparation, trial, appeal, and/or collateral attack of this matter who consent to the jurisdiction and Order of this Court. The parties' attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

b. The parties shall not disclose the contents of protected information to any other individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court.

c. No additional copies of the protected information shall be made except as necessary for purposes of the investigation, preparation, trial, appeal, and/or collateral challenge of this matter. Any copies shall be treated in the same manner as the original material.

d. The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identifying information, including Rule 49.1 of the Federal Rules of Criminal Procedure, and the Local Rules for the United States District Court for the Northern District of Texas.

The parties shall not file personal identifying information with or submit such information to the Court or reproduce such information's contents in any court filing unless the filing is placed under seal, with the Court's consent, or the filing otherwise complies with relevant statutes, regulations, and rules.

e. The parties may continue to disclose additional confidential information pursuant to their continuing duty of disclosure under Federal Rule of Criminal Procedure 16(c) without making separate application to the Court.

Wherefore, the Government respectfully requests that the Court enter the proposed protective order.

Respectfully Submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

*s/ Shawn Smith*
SHAWN SMITH
Assistant United States Attorney
Texas State Bar No. 24033206
United States Attorney's Office
Burnett Plaza, Suite 1700
801 Cherry Street, Box #4
Fort Worth, Texas 76102-6882
Telephone: 817-252-5200
E-mail: shawn.smith2@usdoj.gov

**CERTIFICATE OF CONFERENCE**

I hereby certify that on October 1, 2025, I have conferred with Cody Cofer, Sheena Winkfield, G. Alan Steele, Patrick McLain, Matt Smid, Phillip Linder, Harmony Schuerman and, counsel for defendants and all have stated they are not opposed to the granting of this motion. I hereby certify that on October 1, 2025, I attempted to confer with J. Warren St. John, Derek Brown and Leigh Davis counsel for defendants Morris, Rueda and Soto and at the time of this filing have received no response.

*s/ Shawn Smith*
SHAWN SMITH
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2025, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means to counsel for each defendant.

*s/ Shawn Smith*
SHAWN SMITH
Assistant United States Attorney