IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                   No. 4:25-MJ-452-BJ

NATHAN BAUMANN (03)

## JOINT MOTION TO CONTINUE TIME TO INDICT

The government and the defendant's attorney jointly request this Honorable Court to continue the time upon which an indictment must be filed in this case.[1]

(1)    On July 7, 2025, the government obtained a criminal complaint against the defendant, alleging a violation of  18 U.S.C. § 1114(a)(3) and 1113, and 2, Attempted Murder of a Federal Officer; 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2, Discharging a Firearm During, in Relation to, and in Furtherance of a Crime of Violence.

(2)    The defendant appeared before the Honorable Jeffrey L. Cureton on September 23, 2025, where the defendant was ordered released/detained pending further proceedings.

(3)    Under the Speedy Trial Act, 18 U.S.C. § 3161(b), an indictment must be returned on the instant charge "within thirty days from the date on which [the defendant] was arrested or served with a summons in connection with such charges."

---

[1] A defendant's "personal consent is not required" when the defendant's attorney is seeking a Speedy Trial Act continuance, including when it is a continuance of the indictment deadline under the Speedy Trial Act. *United States v. Robinson*, 67 F.4th 742, 749 (5th Cir. 2023).

The 30th day in this case will fall on or about October 23, 2025, not taking into account excludable delay under 18 U.S.C. § 3161(h)(1) and Federal Rule 45(a).

(4)    The parties request that the Court continue presentation of the defendant's case to the grand jury for an additional 50 days because both parties believe that the case may be resolved pre-indictment. The additional time is necessary for the parties to exchange information about the defendant and the case and for the government to disclose sufficient discovery to the defense to permit a thorough review and evaluation of the case against the defendant. Notably, this case involves digital forensics that may include nearly a terabyte of data. If the government is able to provide defense early access to this discovery, these efforts may relieve the government of presenting the case to the grand jury, which will preserve both judicial and government resources and give the defense attorney time to digest the case and meaningfully negotiate terms of a potential guilty plea.

(5)    The granting of this continuance, therefore, would be in the interest of judicial economy. Both parties likewise believe that a continuance would serve the ends of justice and would outweigh the interest of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

Joint Motion to Continue Time to Indict - Page 2

(6)     This request is not made in effort to unduly delay the proceedings, but to
        permit the parties sufficient time for effective preparation, taking into
        account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

(7)     For the foregoing reasons, the parties request that this Honorable Court
        continue the time upon which an indictment must be filed for an additional
        50 days, until on or about December 11, 2025.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

G ALAN STEELE
⊃BEN CASTLEMAN FLOREY, JR.
Attorney for Defendant

SHAWN SMITH
Assistant United States Attorney
State Bar of Texas No. 24033206
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Fax: 817-252-5455
Email: Shawn.Smith@usdoj.gov

9-23-25

DATE

Joint Motion to Continue Time to Indict - Page 3